# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY A. EPSTEIN,<br><br>    Plaintiff,<br><br>vs.<br><br>GLAXOSMITHKLINE, LLC,<br><br>    Defendant. | 8:17CV264<br><br>ORDER |

This matter comes before the Court on the parties' Joint Motion for Extension of Deadlines to Disclose Expert Reports (Filing No. 19). The parties agree that due to the upcoming holidays, Defendant may have an extension of time to January 26, 2018, to provide its objections and responses to Plaintiff's discovery requests. The parties agree that this extension also requires extension of the current expert disclosure deadlines. Accordingly,

**IT IS ORDERED** that the Joint Motion for Extension of Deadlines to Disclose Expert Reports (Filing No. 19) is granted, and the deadlines to disclose expert witnesses set forth in the Order Setting Final Schedule for Progression of Case (Filing No. 16) are extended as follows:

**3. Disclosure of Expert Witnesses.[1]** Each plaintiff, counter-claimant, and cross-claimant shall identify expert witnesses and shall serve expert reports by **March 9, 2018**. Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and shall serve expert reports by **April 9, 2018**. If necessary to refute the disclosed opinions of an expert witness of an opponent, the plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **April 23, 2018**, and the defendant, counter-defendant, or cross-defendant may disclose additional expert witnesses not later than **May 6, 2018**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

Dated this 20th day of December, 2017.

                          BY THE COURT:

                          s/ Michael D. Nelson
                          United States Magistrate Judge